ALIAKSANDRA RAMANENKA, ESQ.
GISKAN SOLOTAROFF & ANDERSON LLP
11 BROADWAY, SUITE 2150
NEW YORK NY 10004
(646) 964 9609

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
VICINAGE OF NEWARK

---------------------------------------------------x
JACKI WILLIAMS,                          :      Hon. _____
                                         :                    U.S.D.J.
        Plaintiff,                      :
                                         :      Civil Action No.:
   vs.                                   :
                                         :
CASH YOUR CAR INC.,                      :      COMPLAINT AND JURY DEMAND
and AMRO ALY,                            :
                                         :
        Defendants.                    :
---------------------------------------------------x

      Plaintiff, Jacki Williams, complaining of the Defendants respectfully alleges and shows the Court as follows:

## THE PARTIES

    1.    Plaintiff is an African American man who is domiciled in the County of Yonkers, State of New York.

    2.    Upon information and belief, Defendant Cash Your Car, Inc. ("Cash Your Car") is located in South Hackensack, is a corporation organized under the laws of the State of New Jersey, and is an employer within the meaning of the New Jersey Law Against Discrimination ("LAD"). On information and belief, Defendant Amro Aly is the owner of Cash Your Car.

## JURISDICTION AND VENUE

3. Jurisdiction is based upon 28 U.S.C. §§ 1331, 1343 and, for Plaintiff's LAD claims – upon 28 U.S.C. §1367.

4. Venue is based on the place of business of defendant and location of acts that form the basis of the Complaint.

## STATEMENT OF FACTS

5. Plaintiff has worked as an auto detailer for approximately 20 years.

6. On March 9, 2016, Plaintiff saw an advertisement on Craigslist posted by Cash Your Car seeking an experienced auto detailer.

7. That day Plaintiff called Cash Your Car in response to the advertisement and had a conversation in which he explained his qualifications.  The Cash Your Car employee to whom Plaintiff spoke told Plaintiff that Plaintiff would be perfect for the position and requested that Plaintiff come to Cash Your Car for an interview.

8. On March 10, 2016, Plaintiff went to Cash Your Car to interview for the position. Plaintiff had difficulty finding Cash Your Car's location.  When Plaintiff called Cash Your Car, he identified himself as the applicant for the position and asked for directions.  The same Cash Your Car employee to whom Plaintiff had spoken earlier gave Plaintiff the exact street address so that Plaintiff could input it into his GPS system.

9. When Plaintiff arrived, at Cash Your Car, there were three persons at the location. When Plaintiff identified himself and stated that he was there to interview for the position, one of the men, who appeared to be the manager or owner, stated that the position had been filled.

10. Plaintiff was surprised given that he had told that the position was available the day before and had just been given directions after identifying himself as the applicant for the position.

11. Approximately 30 minutes later, Plaintiff called Cash Your Car from another telephone and inquired about the position again. The person who answered the phone told Plaintiff the position was available.

12. On information and belief, the manager or owner at Cash Your Car decided not to hire Plaintiff for the position once he learned Plaintiff was African American.

13. On or about April 1, 2016, Plaintiff's counsel sent a draft version of this complaint to Cash Your Car.

14. On or about April 5, 2016, Plaintiff's counsel received a call from a person who identified himself as Amro Aly, the owner of Cash Your Car. Mr. Aly informed Plaintiff's counsel that he had not hired Plaintiff for the position because, the same day Plaintiff was to interview, a detailer who had previously worked at Cash Your Car had informed Mr. Aly that he was returning to work. Mr. Aly stated that the person who had spoken to Plaintiff had not been aware the former detailer was returning to work and had, as a result, invited Plaintiff to interview.

15. On April 6, 2016, Plaintiff's counsel received, by email, a letter from Mr. Aly providing a completely different explanation for Cash Your Car's failure to hire Plaintiff. In the letter, Mr. Aly stated that Plaintiff had interviewed for the position but that the Plaintiff did not appear to know what detailing was and had been mumbling and cursing after the interview.

16. Mr. Aly's letter is false. As set forth above, Plaintiff was not interviewed. Plaintiff knows full well what detailing is as he has been detailing cars for over 20 years and Plaintiff conducted himself professionally during the short time he was at Cash Your Car.

## ON THE FIRST COUNT
### (VIOLATION OF 42 U.S.C. §1981)

17. Plaintiff repeats each and every allegation above as if set forth herein at length.

18. Defendant violated 42 U.S.C. §1981 by refusing to hire him on account of his race.

19. As a result of Defendant's violation of 42 U.S.C. §1981, Plaintiff has suffered damages including lost wages and emotional distress.

## ON THE SECOND COUNT
### (VIOLATION OF THE NJ LAD)

20. Plaintiff repeats each and every allegation above as if set forth herein at length.

21. Defendant violated the New Jersey Law Against Discrimination by refusing to hire him based on his race.

22. As a result of Defendant's violation of 42 U.S.C. §1981, Plaintiff has suffered damages including lost wages and emotional distress.

**WHEREFORE,** Plaintiff demands judgment against the Defendant on All Counts, as follows:

A. Injunctive relief restraining Defendant from its continuing violation of 42 U.S.C. §1981 and the New Jersey LAD.

B. Directing Defendant to hire Plaintiff to the same or an equivalent position for which Defendant refused to hire Plaintiff;

C. Directing Defendants to pay to Plaintiff compensation for his lost wages, benefits

and other remuneration lost as a result of Defendant's violation of 42 U.SC. §1981 and the New Jersey LAD including but not limited to damages for economic loss, back pay, front pay, and damage to career and earning capacity;

D. Damages for emotional distress;

E. Directing Defendants to pay Plaintiff's reasonable costs and attorney's fees;

F. Punitive damages; and

G. Awarding such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a jury trial of all of the issues alleged in this Complaint.

## TRIAL DESIGNATION

Pursuant to R.4:25-4, notice is hereby given that Aliaksandra Ramanenka, Esq. is designated as trial counsel in the above-captioned matter.

## CERTIFICATION PURSUANT TO R.4:5-1

I certify that the matter in controversy is not the subject of any other action or arbitration proceeding, now or contemplated, and that no other parties should be joined in this action pursuant to R.4:5-1.

GISKAN SOLOTAROFF & ANDERSON LLP
Attorneys for Plaintiff

By:_____*/s/ Aliaksandra Ramanenka*_____
      Aliaksandra Ramanenka
      11 Broadway, Suite 2150
      New York NY 10005
Dated: June 3, 2016      (212) 847-8315